United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LATRAYL D. ARTHER, | ) | C 07-4521 MJJ (PR) |
| Petitioner, | ) | **ORDER OF TRANSFER** |
| vs. | ) | |
| CLAUDE E. FINN, | ) | (Docket No. 2) |
| Respondent. | ) | |

Petitioner, a California prisoner incarcerated at the Deuel Vocational Institute ("DVI") in Tracy, California, has filed this pro se petition for a writ of habeas corpus challenging the denial of his suitability for parole by the California Board of Prison Terms.

A petition for a writ of habeas corpus made by a person in custody under the judgment and sentence of a state court of a state which contains two or more federal judicial districts may be filed in either the district of confinement or the district of conviction. See 28 U.S.C. § 2241(d). Each of such districts shall have concurrent jurisdiction to entertain the petition; however, the district court for the district where the petition is filed may transfer the petition to the other district in the furtherance of justice. See id. Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction. See Dannenberg v. Ingle, 831 F. Supp. 767, 767 (N.D. Cal. 1993); Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968). If the petition is directed to the manner in

G:\PRO-SE\MJJ\HC.07\arther2.trn.wpd

which a sentence is being executed, e.g., if it involves parole or time credits claims, the district of confinement is the preferable forum. See Habeas L.R. 2254-3(a); Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989). In this case, the petition challenges the denial of parole, and as such it is directed to the execution of his sentence. Accordingly, the proper venue is the district of petitioner's confinement, the Eastern District of California. See 28 U.S.C. § 84(b).

Because venue is proper in the Eastern District, this case is TRANSFERRED to the United States District Court for the Eastern District of California. See 28 U.S.C. § 1404(a); Habeas L.R. 2254-3(b).

The Clerk shall transfer this matter forthwith and terminate docket number 2 and any other pending motions from this Court's docket.

IT IS SO ORDERED.

DATED: 10/02/07

                                             MARTIN J. JENKINS
                                             United States District Judge